WIRT ADAMS, STATE REVENUE AGENT *v.* WINONA COTTON MILLS.

[46 South., 401.]

1. TAXATION. *Exemption. Laws 1900, ch. 48, p. 50. Factories. Construction.*

Laws 1900, ch. 48, p. 50, approved March 6, 1900, providing for the exemption from taxation of a class of factories then in course of establishment or to be thereafter established, applied, without being given a retroactive effect, to a factory of the class then being constructed and which began operations after the statute became operative, although the company constructing and operating it was chartered before that time.

2. SAME. *Constitutional law. Constitution 1890, sec. 182.*

Said statute is constitutional; it is not violative of Constitution 1890, sec. 182, authorizing the legislature to grant five years exemption from taxation, after date of charters if corporate, to certain classes of manufactories.

FROM the circuit court of Montgomery county.

HON. J. T. DUNN, Judge.

Adams, state revenue agent, appellant, was plaintiff in the court below; the Winona Cotton Mills, appellee, was defendant there. From a judgment in defendant's favor the plaintiff appealed to the supreme court.

The object of the suit was to recover back taxes of the defendant for the years 1901, 1902, 1903, 1904, and 1905. The defendant claimed exemption under chapter 48, p. 50, Laws 1900, approved March 6, 1900, the constitutionality of which plaintiff challenged. The statute provides that all factories therein enumerated (including cotton mills), which were then in the course of establishment or which should thereafter be established before the first day of January, 1910, should be exempt from all state, county, and levee taxation for a period of five years. The Winona Cotton Mills, a corporation chartered February

21, 1900, commenced constructing its factory March 1, 1900, and completed the same August, 1901. May 21, 1901, exemption from taxation under the provisions of the act was applied for and granted, exempting said factory from taxation for a period of five years; that is, for the years 1901, 1902, 1903, 1904 and 1905. The factory was assessed for the first time for the year 1906. The court below held the statute constitutional.

*M. B. Grace,* for appellant.

Section 181, Constitution of 1890, plainly says: "The property of all private corporations for pecuniary gain shall be taxed in the same way and to the same extent as the property of individuals." The Winona Cotton Mills was in this class of corporations. Section 182 of the Constitution of 1890 also reads "The power to tax corporations and their property shall never be surrendered or abridged by any contract or grant to which the state or any political subdivision thereof shall be a party, except, that the legislature may grant exemptions from taxation in the encouragement of manufactures and other new enterprises of public utility extending for a period not exceeding five years, the time of such exemption to commence from date of charter, if to a corporation; and if to an individual enterprise, then from the commencement of work," and same shall be done by general law and etc. The constitution only gave to the legislature the right or authority to enact general laws exempting such new enterprises for a period of five years and when the legislature enacted laws exempting them for a period of ten years, manifestly, the legislature exceeded its authority and such laws are unconstitutional and void, same being repugnant to section 182 of the Constitution.

It was not the purpose and intention of the Constitutional Convention of 1890 to give to the legislature the power and authority to give away for all time to come rights of the state to tax corporations and new enterprises. Where there is no repugnancy there is *ipso facto* a repeal, and no legislative action is

necessary. *Swan* v. *Buck*, 40 Miss., 269; *Gibbons* v. *Bittenum,* 56 Miss., 232; *State* v. *Order of Elks*, 69 Miss., 895, 13 South., 255; *Ice Company* v. *Greenville*, 69 Miss., 86, 10 South., 574.

Grant that the said act of 1900 was constitutional, was it applicable and did it apply to the exemption granted to appellee? If it did, it had a retrospective aspect and effect. An act which is retrospective or retroactive is usually condemned and void. In the case of *Carson* v. *Carson*, 40 Miss., 349, it was held by the court, that causes for divorce which arose prior to the passage of a general law allowing decrees of divorce to be granted for certain enumerated causes, might be considered by the court and a decree of divorce granted even though the cause arose prior to the enactment of the law.

A retrospective law is defined to be a law which is intended to affect transactions which accrued before it became operative as such. *Chicago, etc., R. R. Co.* v. *State*, 47 Neb., 564.

There is a marked distinction between the case at bar and *Mississippi Mills* v. *Cook*, 56 Miss., 40; *Adams* v. *Tombigbee Mills*, 78 Miss., 676, 29 South., 470; *Adams* v. *Yazoo, etc., R. R. Co.*, 77 Miss., 197, 24 South., 200, 317, 28 South., 956, and *Adams* v. *Stonewall Mills*, 89 Miss., 865, 43 South. Rep., 65.

*McLean & Rowe,* for appellee.

Section 182 of the constitution is as binding as any other provision of the constitution of 1890, and gives the legislature authority to enact such laws as the Act of 1900, chapter 48, p. 50. That section, 182, providing five years' exemption to be allowed or granted by the legislature, and the constitutional ordinance, giving ten years exemption to all factories erected prior to January 1, 1900, are co-ordinate and co-extensive, save as to time, one providing for ten years and the other for five years. It is true that the constitutional ordinance expired on January 1, 1900, but section 182 of the constitution exists, until repealed or modified in the prescribed manner. The legislatures which have convened since the year 1900 have all adopted an exemption of five

years for factories for the purposes mentioned and contemplated in section 182 of the constitution.

The legislature by the Act of 1900, upon which an attack is made in this suit, desiring to carry out the purpose of the constitution and the will of the people, enumerated two classes of factories of the kind enumerated in the constitution, which should be exempt, to-wit: those in process of erection at the time of the passage of the act, which was approved on March 6, 1900, and those thereafter to be established in this state before the first day of January, 1910. Now, the agreed statement of facts shows that the Winona Cotton Factory, appellee, was in the course of construction until the month of August, 1901, when the operation of said factory was commenced, and that its exemption from taxation was regularly applied for and granted on May 21, 1901. This factory certainly falls within the provision of Section 1, Chapter 48, of the Acts of 1900, page 50, because said factory surely was established before the first day of January, 1910, and after the passage of said act of 1900. The act provides that the exemption shall be from the date of the charter, if a corporation, and from the time of commencing work upon the factory, if owned by individuals, which is in perfect accord with Section 182 of the Constitution of 1890. The exemption was regularly applied for and granted on May 21, 1901, and the exemption dating from the date of the charter of appellee, the 21st day of February, 1900, carried the exemption for the years 1901, 1902, 1903, 1904 and 1905. The factory was assessed for the year 1906.

WHITFIELD, C. J., delivered the opinion of the court.

The only thing involved in this case for our consideration is the constitutionality of chapter 48, p. 50, Laws 1900. We do not think that act is retrospective with respect to this appellee. Section 1 of that act expressly provides that "all factories or plants, of the kind hereinafter named, which are now in course of establishment or which shall hereafter be established," etc.

The act expressly refers to factories now in course of establishment; that is to say, on March 6, 1900, the date of the passage of the act. This corporation was chartered on February 1, 1900, and was in process of construction when this act was passed. The agreed statement of facts shows that it was in process of construction until August, 1901, when the operation of the factory was commenced.

The second section of the act expressly provides that any exemption under it shall commence from the date of the charter, if a corporation, and that is all that is claimed in this case. There is no want of harmony between section 182 of the Constitution of 1890, which is in full force, and the constitutional ordinance, which granted ten years' exemption in certain cases, which expired on January 1, 1900. There is no merit in any of the contentions of the appellant.

The act of 1900, above referred to, is constitutional, and the judgment is affirmed.